STANLEY G. ZYCH, APPELLEE AND CROSS-APPELLANT, V.
BETTY JUNE ZYCH, APPELLANT AND CROSS-APPELLEE.
86 N. W. 2d 611
Filed December 13, 1957. No. 34232.

*Leslie D. Carter*, for appellant.

*Robert E. O'Connor* and *Edward T. Rosse*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff sought a divorce from the defendant on the grounds of extreme cruelty. Defendant cross-petitioned for a divorce on the grounds of extreme cruelty, and sought alimony, child support, and attorney's fees.

Trial was had. The court granted the defendant a divorce from the plaintiff; awarded her the custody of the three children; awarded $15 per week per child for child support; ordered the family home sold and the proceeds divided equally between the parties; and ordered the payment of a fee of $250 to a firm of accountants. In a preliminary order defendant's attorney had been awarded a fee of $200. The court granted an additional fee of $1,000 to defendant's attorney.

A motion for new trial was filed and overruled.

Defendant appeals assigning that the trial court erred in not granting a new trial, and that the judgment was not sustained by the evidence and was contrary to law.

Specifically defendant argues that the division of the property and child support award were not fair and reasonable.

Plaintiff cross-appeals contending that the child support award and the attorney's fee allowed were excessive.

We reverse the judgment of the trial court and remand the cause with directions to dismiss the petition and cross-petition.

Plaintiff does not assign as error the refusal of the court to grant a divorce on his petition. Neither does he assign as error the granting of the divorce to the defendant on her cross-petition. The assignment of error of the defendant is broad enough to cover the sufficiency of the evidence to sustain a decree, but defendant was successful and does not by argument raise that question.

The rule is: Under section 25-1919, R. R. S. 1943, and Revised Rules of the Supreme Court, Rule 8a2(4), consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned. Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482. See, also, Smallcomb v. Smallcomb, *ante* p. 191, 84 N. W. 2d 217.

Apparently plaintiff wants a divorce and defendant is willing that he should have it. She so testifies. However, the desire of the parties is not enough to sustain a decree.

There are three children of tender age involved in this controversy. The stability of the marriage relationship is involved. The integrity of the administration of justice under the law of this state as to the granting of divorces is involved.

Accordingly we have examined this record to determine whether or not there was plain error in the trial court's decree denying the plaintiff a divorce and granting a divorce to the defendant.

The corroborated evidence of the plaintiff is that the

defendant nagged him, and was quarrelsome and critical of him. This happened while they were living in the homes of his relatives. It does not appear to have happened after they moved into a home of their own. The evidence falls far short of the test of extreme cruelty set out in DeWaal v. DeWaal, 148 Neb. 756, 29 N. W. 2d 371, and Sell v. Sell, 148 Neb. 859, 29 N. W. 2d 877.

Plain error does not appear in the denial of a divorce to the plaintiff.

Plaintiff left the family home on April 12, 1955. He returned once for a visit. The immediate cause of his leaving does not appear. The uncorroborated evidence, offered by the defendant, is that sometime thereafter plaintiff was seen to enter a theatre in company with an identified woman and two other persons. That evidence, together with the suggestion of a suspicion that there was another woman involved, is the sole evidence upon which the decree in defendant's favor can rest. It is manifest that it does not establish extreme cruelty under the statute. It is likewise manifest that the granting of a divorce to the defendant on that evidence is a plain error. It cannot be disregarded.

During the progress of the trial a firm of accountants was employed to attempt to determine the financial worth of the plaintiff. The court allowed a fee of $250 for that service. It is not questioned. It is directed that that fee be taxed as costs in this action.

The finding of the trial court and the decree, including the ordering of payment of $1,000 attorney's fee to the defendant's attorney, is reversed.

The cause is remanded with directions to dismiss the petition and cross-petition. All costs are taxed to the plaintiff. The defendant is allowed an attorney's fee of $250 for the services of her attorney in this court.

REVERSED AND REMANDED WITH DIRECTIONS.