LLOYD PUEPPKA ET AL., APPELLEES, v. THE IOWA MUTUAL INSURANCE COMPANY, A MUTUAL COMPANY, APPELLANT.

88 N. W. 2d 657

Filed March 14, 1958. No. 34111.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son,* and *Frank E. Piccolo, Jr.,* for appellant.

*Crosby, Crosby & Nielsen, Halligan & Mullikin, Maupin, Dent, Kay & Satterfield,* and *William E. Morrow, Jr.,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Subsequent to the filing of the former opinion in this case, Pueppka v. Iowa Mutual Ins. Co., 165 Neb. 781, 87 N. W. 2d 410, appellees filed a motion for a rehearing. In addition thereto a plain error in the assessment of costs, which was not assigned, has been noted as authorized by Rule 8 a 2(4) of the rules of this court. An opinion is deemed necessary to dispose of the question raised.

The record shows that the amount charged for the preparation of the bill of exceptions was $930. This item is chargeable as costs to the unsuccessful party. The five volumes of the bill of exceptions contain 1,429 pages of evidence. The bill of exceptions contains 269,819 words by actual count. The amount to be charged for the preparation of the bill is fixed by section 24-342, R. R. S. 1943, the pertinent part of which provides: "It shall be the duty of such reporter to furnish on the application of the county attorney, or any party to a suit in which a stenographic report of the proceedings has been made, a transcribed copy of the proceedings so recorded, or any part thereof. The reporter shall be entitled to receive in addition to his salary, a fee of fifteen cents per hundred words, to be paid by the party requesting the same; * * *." On the basis of this provision of the statute, the proper charge for the bill of exceptions in the instant case is $404.85. The over-

charge for the preparation of the bill of exceptions is $525.15.

The bill was properly prepared and it includes no material not proper to be included in it. There is no question of opinion or judgment involved. It is purely a matter of calculation in accordance with the cited statutory provision. The cost of preparation of a bill of exceptions is controlled by section 24-342, R. R. S. 1943, as this court has previously held. Barton v. Barton, 126 Neb. 835, 254 N. W. 561.

It is the function of courts to handle litigation expeditiously and at a minimum cost. The fixing of fees and charges for the services of administrative officers of the court is a legislative matter. If the charges fixed by the statute are deemed inadequate, the remedy is an appeal to the Legislature and not by the overcharge of litigants. It is the duty of courts to see that its administrative officers adhere to statutory provisions as to fees and charges which are to be taxed as costs.

The cost of preparation of the bill of exceptions in the instant case is hereby fixed at $404.85, and the district court is directed to retax the cost of preparation of the bill of exceptions in that amount.

We hereby promulgate a rule of court with reference to bills of exceptions, effective on the filing date of this opinion, as follows: The certificate of the official court reporter shall include a statement of the cost of the bill of exceptions and an averment that such amount is one permitted to be charged by section 24-342, R. R. S. 1943.

The former opinion of the court has been reexamined in the light of the objections thereto raised by the motion for a rehearing. We find no material error in the statement of the facts of the case or in the principles of law applicable thereto. The motion for a rehearing is therefore overruled.

COSTS RETAXED AND MOTION FOR
REHEARING OVERRULED.