ALICIA M. NICKEL, APPELLEE AND CROSS-APPELLANT, V.
MACK F. NICKEL, APPELLANT AND CROSS-APPELLEE.

267 N. W. 2d 190

Filed June 28, 1978. No. 41581.

Ross, Schroeder & Fritzler, for appellant.

Parker & Grossart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

In this dissolution of marriage action the only issue raised on appeal is the trial court's division of the property. Respondent-appellant appeals from that portion of the decree ordering him to pay petitioner-appellee the sum of $48,000 in 180 equal monthly installments. Petitioner cross-appeals, attacking the provision that the judgment would not draw interest except on past-due installments. We affirm.

The parties were married December 18, 1969. They have one child, born June 24, 1970. They separated on May 21, 1976. Petition for dissolution of the marriage was filed July 13, 1976.

At the time of the marriage respondent operated a farm in equal partnership with a brother. Petitioner testified she had a savings account of $2,400 which she contributed to the marriage. Respondent brought into the marriage a pickup truck and a one-half interest in a boat, in addition to the one-half interest in the farming partnership.

Exhibit 7, a financial statement prepared for a bank, indicates the net worth of the partnership as of February 24, 1970, was $58,345. Included in the partnership property at the time of marriage were 240 acres of land. One quarter section had been purchased from respondent's father in December 1966. An 80-acre tract was purchased from the father in July 1967. The 1970 value placed upon the 240 acres in the financial statement is $37,000.

The brothers acquired another quarter section of

land in February 1970. A three-fourths interest in this property was purchased from aunts and uncles for $36,000. The remaining one-fourth interest was a gift from their father. The appraised value of the three parcels of land at the time of the trial was $389,200. Other partnership assets as of May 24, 1977, were shown to be $175,800. Liabilities at that time were $311,465. The net worth of the partnership at the time of trial, on these figures, would be $252,735. Defendant's one-half interest would be $126,367.

There was conflicting evidence as to values and liabilities. We can only surmise, from the conflicting evidence, what factors the trial court may have considered in making the property adjustments. No purpose will be served by delineating the various claims and disagreements. For the purposes of this opinion, we are satisfied that the result reached by the trial court is equitable to the parties.

As we said in Reisig v. Reisig, 191 Neb. 612, 216 N. W. 2d 731 (1974): "In an action for divorce, if the evidence is principally oral and is in irreconcilable conflict and the determination of the issues depends to a reasonable extent upon the reliability of the respective witnesses, the conclusions of the trial court as to such reliability will be carefully regarded by the Supreme Court on review."

The marriage was terminated after 6½ years. The respondent's interest or equity in the partnership during that period, due primarily to inflation, increased approximately $97,000. The trial court dissolved the marriage, granted custody of the minor child to the petitioner, and awarded her child support of $175 a month until the child reaches majority or becomes self-supporting. The court further awarded the parties the property they then had in their possession and decreed petitioner should receive $48,000 as her share of the other property, payable in 180 equal monthly installments of $266.66

each without interest, with each installment, however, to draw interest if not paid when due.

Respondent valued the property in his possession at $4,860, less $1,742 still owing on a boat. He placed a value of $3,365 upon the property in the hands of the petitioner. Petitioner's estimate would increase the value of personal property in respondent's possession by $1,400 and decrease the value of her property by about $250.

Petitioner is satisfied with the division of the property. Her cross-appeal is directed to the provision in the decree which provides no interest shall be paid on the $48,000. It is true, as argued by petitioner, that section 45-103, R. R. S. 1943, provides for interest at the rate of 8 percent per annum on all decrees and money judgments. However, the trial court has the inherent power in adjusting the rights of the parties to provide that a money allowance in a marriage dissolution, to be paid in installments, shall not draw interest until a certain date.

Respondent's sole income is derived from one-half interest in a farming partnership, with partnership liabilities of some $311,000 on assets of approximately $565,000. It is apparent the trial court considered the impracticality of forcing a sale of partnership assets to provide for a property division in cash. The court obviously believed it necessary not to disturb the farm partnership property to allow respondent the opportunity to make the monthly payments required. Respondent is required to pay petitioner $441.66 monthly. To add in excess of $3,000 interest annually could create an intolerable burden. We are not inclined to second guess the trial court, particularly where resolution of conflicts in the evidence depend primarily on oral evidence. A division of property which is not patently unfair will not ordinarily be disturbed by this court on appeal. Van Bloom v. Van Bloom, 196 Neb. 792, 246 N. W. 2d 588 (1976).

We affirm the judgment of the trial court. Costs are taxed to respondent, including an attorney's fee of $500 for the services of petitioner's attorney in this court.

AFFIRMED.