MARY JUNE SMALLEY COCKLE, APPELLEE AND CROSS-APPELLANT, v. GEORGE ROBERT COCKLE, APPELLANT AND CROSS-APPELLEE.

281 N. W. 2d 392

Filed July 17, 1979. No. 42143.

Larry A. Duff, for appellant.

Gary B. Randall of Byrne & Randall, P.C., for appellee.

Heard before KRIVOSHA, C. J., CLINTON, and HASTINGS, JJ., and STUART, District Judge, and KUNS, Retired District Judge.

STUART, District Judge.

Plaintiff petitioned the District Court for Douglas County, Nebraska, to register a foreign judgment previously rendered in the Superior Court of Monterey County, California. Defendant filed a counter-

claim and set-off. The trial court entered a summary judgment dismissing the counterclaim and set-off and allowed the registration of the foreign judgment. Defendant appeals.

It appears that the trial judge correctly decided the issues presented before him. However, there appears a plain error which this court must consider. The rule is: Under section 25-1919, R. R. S. 1943, and Rule 8 a 2 (3), Revised Rules of the Supreme Court, 1977, consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned. Zych v. Zych, 165 Neb. 586, 86 N. W. 2d 611; Pueppka v. Iowa Mutual Ins. Co., 166 Neb. 203, 88 N. W. 2d 657.

The parties were husband and wife, with residence in various places during the period of defendant's military service. Their place of residence at the time of separation was in the State of California, where plaintiff has continued to reside. Defendant secured a decree of divorce in Nevada in 1969, became a resident of Nebraska in 1970, and has maintained his residence in this state since that time. In 1974, plaintiff brought action in the Superior Court of Monterey County, California, for an accounting of the community assets of the marriage and an award to her of one-half thereof. Defendant, although denying the jurisdiction of the court in a special appearance, subsequently answered and appeared at a trial on April 28, 1976. On May 3, 1976, the court signed an order which concludes as follows:

"THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiff is hereby awarded, assigned and conveyed 78.3% of ½, which is 39.14% of the total military retirement pay (her share presently amounts to $400.00 per month) together with any increases, including cost of living increases; and plaintiff is awarded, assigned and conveyed, and defendant shall pay and assign to plaintiff said

portion of the military retirement pay. Defendant shall execute, deliver and do all things necessary to accomplish said assignment. This assignment is effective as of June 1, 1976, and shall continue until defendant's death.

2. Defendant shall pay to and assign to plaintiff, as received, 78.3% of ½, which amounts to 39.15% of all increases including any cost of living increases, in said military retirement pay. Said payments shall commence when received and shall continue until defendant's death.

3. The Court confirms to each of the parties the personal property and household furniture now in their possession as previously divided by oral agreement of the parties.

4. Each party shall bear their own costs incurred in this action."

This is the order which plaintiff presented for registration under section 25-1587 et seq., R. R. S. 1943.

The general law for the enforcement of a foreign money judgment is set forth in 1 Restatement of Conflict of Laws 2d, Judgments, § 100, p. 304, as follows: "A valid judgment for the payment of money rendered in a State of the United States will be enforced in a sister State, except as stated in §§ 103-121." Section 108, following, further provides: "A judgment for the payment of money will not be enforced in other states unless the amount to be paid has been finally determined under the local law of the state of rendition."

Regarding the enforcement of a foreign judgment, the rule has been stated as follows: "To support a suit thereon, a foreign judgment must be a valid, final, personal adjudication * * *; it must create a definite and absolute indebtedness and must be rendered by a court having jurisdiction of the parties and the subject matter." 50 C. J. S., Judgments, § 868, p. 442.

We are required to rule that there is no dollar

judgment set forth in the California judgment offered for registration that is certain in amount. The only construction which can be placed upon either of the first two paragraphs of this judgment is that they purport to require both the payment and assignment of future receipts. There is a recital of the value of plaintiff's share at the time of the order but defendant's liability is specifically imposed as to a given percentage of any amounts which he might later receive. An officer of the Nebraska court cannot ascertain the amount due upon the judgment without resorting to facts outside the record of the California court. By the terms of the order, the only direction to the defendant is that he shall make assignments and shall pay 39.14 percent of his military retirement pay. If he fails to carry out these commands, it is highly possible that the California court might enter a general judgment that is certain in amount, but this action cannot be taken by the courts of this state.

The trial court should have entered a judgment denying registration of the California judgment.

The trial court denied plaintiff's request for allowance of an attorney's fee. Plaintiff cross-appeals that denial. The awarding of an attorney's fee under section 42-367, R. R. S. 1943, is discretionary. Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542. In the absence of any evidence of abuse of that discretion, we find there is no merit in plaintiff's cross-appeal.

The judgment of the trial court is reversed and judgment is hereby entered denying registration to the judgment of the Superior Court of Monterey County, California.

REVERSED.