In re Estate of Mildred Morse, deceased.
Betty Hunter, appellant, v. Daniel V. Morse, Personal Representative of the Estate of Mildred Morse, deceased, appellee.

540 N.W.2d 131

Filed December 1, 1995.   No. S-94-677.

Kenneth W. Pickens for appellant.

James E. Walker for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Mildred Morse died on January 26, 1989. Morse's four stepchildren were listed in her will as beneficiaries. Betty Hunter, one of the stepchildren, had issued a $15,000 promissory note to Morse in 1981. Morse's personal representative offset the amount of the note from Hunter's distributive share.

The county court held that the personal representative properly retained the $15,000, and the district court affirmed. Hunter appeals, asserting the district court committed plain error in failing to apply Neb. Rev. Stat. § 30–24,101 (Reissue 1989). We removed the appeal to this court under our authority to regulate the caseloads of the appellate courts in this state.

## SCOPE OF REVIEW

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994); *Katskee v. Nevada Bob's Golf of Neb.*, 238 Neb. 654, 472 N.W.2d 372 (1991). Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Long v. Hacker, supra*.

## FACTS

Morse died on January 26, 1989. Her four stepchildren were listed as beneficiaries in her will, which was admitted to probate on February 9, 1989. Hunter had issued a promissory note in the amount of $15,000 to Morse on December 11, 1981. Although the note was due on December 11, 1984, Morse never made a demand on the note. However, after Morse's death, the note was listed on the inventory of the estate filed September 20, 1989. As a result, Morse's personal representative offset $15,000 from Hunter's share of the estate.

The petition for complete settlement was filed by Morse's personal representative on June 10, 1993. On July 8, Hunter filed a resistance to the proposed schedule of distribution. A hearing was held in the county court on July 12. On September 2, the county court found that the personal representative had properly retained $15,000 from Hunter's distributive share. The district court affirmed because no statement of errors and issues on appeal had been filed, and the court found no plain error on the record.

## ASSIGNMENT OF ERROR

Hunter asserts that the district court erred in failing to find plain error on the record.

## ANALYSIS

Concisely stated, Hunter's argument is that the promissory note is barred by the statute of limitations and, therefore, should not be offset against her share of Morse's estate. According to Hunter, the district court committed plain error in not allowing her to assert this defense under § 30-24,101.

Hunter failed to make any assignments of error in her appeal to the district court. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Dike v. Dike*, 245 Neb. 231, 512 N.W.2d 363 (1994). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial

process. *Long v. Hacker, supra*; *Katskee v. Nevada Bob's Golf of Neb., supra*.

Here, Hunter asks this court to find plain error on an issue that was raised at trial. Hunter raised the statute of limitations defense, and it was rejected by the trial court. Plain error is error plainly evident from the record and not complained of at trial. *Long v. Hacker, supra*. The statute of limitations issue was complained of at trial; therefore, plain error does not exist.

## CONCLUSION

Because we do not find plain error, the judgment of the district court is affirmed.

AFFIRMED.