MARSHALL K. BIDDLECOME, APPELLEE, V. JACK C. CONRAD, DIRECTOR, STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES, APPELLANT.

543 N.W.2d 170

Filed February 9, 1996. No. S–94–090.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellant.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

Following an administrative hearing, Jack C. Conrad, director of the Nebraska Department of Motor Vehicles, revoked the motor vehicle operator's license of Marshall K. Biddlecome for 90 days pursuant to Conrad's authority under the administrative license revocation statutes, Neb. Rev. Stat. §§ 60-6,205 to 60-6,208 (Reissue 1993). (As of January 1, 1994, the Nebraska Rules of the Road, chapter 39 of the Nebraska Revised Statutes, were renumbered. They are now codified at Neb. Rev. Stat. § 60-601 et seq. (Reissue 1993 & Cum. Supp. 1994). For convenience, we use the new numbering scheme.) Biddlecome appealed the revocation decision to the district court for Buffalo County. On December 20, 1993, the district court reversed Conrad's order and reinstated Biddlecome's license. Conrad appeals from that decision; we affirm, albeit on grounds unrelated to the issues presented for appeal.

On March 23, 1993, Officer John Schmitt of the Kearney Police Department arrested Biddlecome for driving under the

influence of alcohol. Biddlecome subsequently received notice of revocation of his operator's license from Conrad through certified mail, in accordance with § 60–6,205(5)(b). The crux of Biddlecome's complaint at his administrative hearing, and later to the district court, was the failure of the Kearney Police Department to serve Biddlecome personally; under § 60–6,205(4), the arresting officer shall serve notice of revocation on the motorist unless he is unable to do so.

At Biddlecome's administrative hearing, Officer Schmitt testified under cross–examination that no physical reason (such as an incorrect address) actually rendered him unable to perfect personal service of Biddlecome's notice of revocation. Biddlecome argued successfully to the district court that Officer Schmitt's deviation from the administrative license revocation statutes negated the director's authority to revoke Biddlecome's license.

We need not address the findings of the district court in order to dispose of the director's appeal. The form by which Officer Schmitt advised Biddlecome of the statutory consequences of failing a chemical test fails to protect Biddlecome's rights adequately under our decision in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995). That Biddlecome did not raise this error below is of no matter. While Neb. Rev. Stat. § 25–1919 (Cum. Supp. 1994) and Neb. Ct. R. of Prac. 9D(1)d (rev. 1992) provide that consideration of the cause on appeal is limited to errors assigned and discussed by the parties, that same statute and rule permit this court to note any plain error not assigned. *Cockle v. Cockle*, 204 Neb. 88, 281 N.W.2d 392 (1979).

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

*In re Estate of Morse*, 248 Neb. 896, 897, 540 N.W.2d 131, 132 (1995). In the present case, the inadequacy of the license revocation advisory form constitutes such an error under our holding in *Smith v. State, supra*.

In *Smith*, we upheld an order vacating administrative license revocation pursuant to § 60-6,197(10), which mandates that upon requesting a motorist to submit to a chemical test, an officer must advise that motorist of the consequences both of refusing to submit to the test and of submitting to and failing the test. The police officer in *Smith* had advised the motorist of some but not all of these consequences. The officer failed to advise Smith that he would owe a special fee to earn reinstatement of his operator's license, that the results of the chemical test qualified as competent evidence in a criminal driving under the influence of alcohol prosecution, and that other felony charges could result from a test result disclosing an illegal concentration of alcohol. These omissions negated the director's authority to revoke an operator's license insofar as the motorist was unable to make a rational and informed decision: "It is impossible to understand information that is never conveyed." *Id.* at 368, 535 N.W.2d at 699.

In this case, Officer Schmitt used an advisory form in his arrest of Biddlecome that suffers from the same infirmities. The advisory form does not mention the evidentiary consequences of the chemical test enumerated in § 60-6,210. It further fails to mention the reinstatement fees required by § 60-6,206(3). It did not advise Biddlecome clearly whether criminal penalties attach to the first, second, third, and fourth commissions of refusal to submit to the chemical test, or rather to the first, second, third, and fourth commissions of driving under the influence of alcohol. The form makes no mention of other charges, including felony charges, which can result from a test disclosing an illegal concentration of alcohol. It does not mention the restrictions on a motorist's ability to obtain employment driving privileges contained in § 60-6,206(2). Much like the advisory form we found defective in *Smith*, the form read to Biddlecome includes such a limited recitation of consequences as to be "not only inadequate but misleading." See *Smith*, 248 Neb. at 367, 535 N.W.2d at 698.

In enacting and amending the administrative license revocation statutes, the Legislature made the advisement of consequences mandatory. Since the advisory form in this case

fails to conform to that mandate, the director had no authority to revoke Biddlecome's license.

AFFIRMED.

CONNOLLY, J., dissenting.

I dissent for the reasons stated in my dissent in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995).

WRIGHT and GERRARD, JJ., join in this dissent.