544 N.W.2d 364 (1996)
249 Neb. 518
Richard E. PERRINE, Appellant,
v.
STATE of Nebraska, DEPARTMENT OF MOTOR VEHICLES, Appellee.
No. S-94-120.
Supreme Court of Nebraska.
March 8, 1996.
*365 Clark J. Grant, of Rogers, Maul & Grant, Columbus, for appellant.
Don Stenberg, Attorney General, and Amy Hollenbeck, Lincoln, for appellee.
WHITE, C.J., and CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.
PER CURIAM.
Richard E. Perrine's motor vehicle operator's license was revoked for a period of 1 year by the director of the Department of Motor Vehicles (DMV) following an administrative hearing authorized by the administrative license revocation statutes. See Neb. Rev.Stat. §§ 60-6,196 through 60-6,208 (Reissue 1993). (As of January 1, 1994, the Nebraska Rules of the Road, formerly chapter 39, article 6, of the Nebraska Revised Statutes, were renumbered. They are now codified at Neb.Rev.Stat. § 60-601 et seq. (Reissue 1993, Cum.Supp.1994 & Supp.1995). For clarity, we use the new numbering scheme.) Perrine filed a petition for review of administrative license revocation in the district court for Platte County. The director's decision was affirmed by the district court. Perrine then appealed to the Nebraska Court of Appeals, and we, on our own motion, removed the matter to this court under our authority to regulate the caseloads of the Court of Appeals and this court.
We now reverse and vacate the order of the director of the DMV which had revoked Perrine's operator's license, because Perrine was not fully advised of the consequences of refusing to take the chemical breath test as required by § 60-6,197(10). See, Biddlecome v. Conrad, 249 Neb. 282, 543 N.W.2d 170 (1996); Smith v. State, 248 Neb. 360, 535 N.W.2d 694 (1995).

FACTUAL BACKGROUND
On April 22, 1993, Officer Mark Harreus of the Columbus Police Department arrested Perrine for driving while under the influence of alcohol and transported him to the Columbus police station. Perrine initially agreed to submit to a chemical test of his breath, and prior to administering the breath test, the arresting officer read an administrative license revocation advisement form to him as required by § 60-6,197(10). Perrine was cited for refusal to submit to a chemical breath test as a result of his failing to provide an adequate breath sample, and the police officer gave him notice of the proposed revocation of his operator's license on that same date. Perrine requested an administrative hearing to contest the revocation, and an administrative hearing was held on May 11, 1993.
The crux of Perrine's complaint at his administrative hearing, and later to the district court, was that he had a physical disability which prevented him from blowing hard enough to register an adequate breath sample *366 on the Intoxilyzer Model 4011AS machine. Perrine testified that he had a 20-year history of problems with his lungs, and he produced a one-page emergency room record, dated March 14, 1993, from Columbus Community Hospital with a diagnosis of "sinusitis[,] bronchitis and/or and pneumonitis." Perrine also asked to take a blood test after he twice failed to provide an adequate breath sample at the police station.
Officer Carl Campbell, Jr., of the Columbus Police Department testified that Perrine initially agreed to submit to a chemical test of his breath even though he complained of some unspecified lung problem. On Perrine's first two attempts, he gave breath samples insufficient to allow the Intoxilyzer Model 4011AS machine to print a test record card. Perrine was offered a third opportunity to submit a sufficient breath sample, but he refused to try again. Officer Campbell testified that he was actually holding the machine's mouthpiece in his hand on Perrine's second attempt, and he could feel that there was breath coming from around Perrine's mouth outside of the mouthpiece. It was Officer Campbell's opinion that not all of Perrine's breath was being directed into the mouthpiece. After Perrine declined to provide a third breath sample, Officer Campbell tested the Intoxilyzer Model 4011AS machine using his own breath, whereupon the machine printed a complete test record card with the correct result.
Based on this evidence, the director of the DMV revoked Perrine's operator's license, and the district court affirmed the director's decision.

ASSIGNMENTS OF ERROR
Perrine asserts that the district court erred in (1) determining that he presented insufficient evidence to support his claim of physical inability to perform a chemical breath test and (2) determining that an inability to perform a breath test requires corroboration by medical evidence.

ANALYSIS
As we similarly held in Biddlecome v. Conrad, 249 Neb. 282, 543 N.W.2d 170 (1996), it is not necessary to address Perrine's assignments of error, because the advisory form read to Perrine prior to the attempted testing did not fully advise Perrine of the consequences of refusing to submit to a chemical breath test or of failing the breath test. See Smith v. State, 248 Neb. 360, 535 N.W.2d 694 (1995). That Perrine did not raise this error below is of no matter. While Neb.Rev.Stat. § 25-1919 (Cum.Supp.1994) and Neb.Ct.R. of Prac. 9D(1)d (rev. 1992) provide that consideration of the cause on appeal is limited to errors assigned and discussed by the parties, that same statute and rule permit this court to note any plain error not assigned. Biddlecome v. Conrad, supra.
Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.
In re Estate of Morse, 248 Neb. 896, 897, 540 N.W.2d 131, 132 (1995). In the present case, the inadequacy of the license revocation advisory form constitutes such an error under our holdings in Smith v. State, supra, and Biddlecome v. Conrad, supra.
In Smith, we upheld an order vacating an administrative license revocation due to an advisory form's nonconformance with § 60-6,197(10), which mandates that upon requesting a motorist to submit to a chemical test, an officer must advise that motorist of the consequences both of refusing to submit to the test and of submitting to and failing the test. The police officer in Smith and Biddlecome had advised the motorist of some but not all of these consequences. The advisory form used in this case is identical to the one used in Smith and Biddlecome, in which cases this court held such advisement was deficient because it, among other things, failed to inform the arrested party of (1) the evidentiary consequences of the chemical test; (2) the license reinstatement fee; (3) whether criminal penalties attached to the first, second, third, and fourth commissions of refusal to submit to the chemical test, or rather to the first, second, third, and fourth *367 commissions of driving while under the influence of alcohol; (4) other charges, including felony charges, which can result from a test disclosing an illegal concentration of alcohol; and (5) the restrictions on a motorist's ability to obtain employment driving privileges contained in § 60-6,206(2). Like the advisory form we found defective in Smith and Biddlecome, the form read to Perrine included such a limited recitation of consequences as to be "not only inadequate but misleading." Smith, 248 Neb. at 367, 535 N.W.2d at 698. Accord Biddlecome v. Conrad, supra.
In enacting and amending the administrative license revocation statutes, the Legislature made the advisement of consequences mandatory. Since the advisory form in this case fails to conform to that mandate, the director had no authority to revoke Perrine's license. See Biddlecome v. Conrad, supra.

CONCLUSION
Accordingly, we reverse the judgment of the district court and remand this cause to the district court with directions to vacate the order of the director of the DMV which had revoked Perrine's operator's license.
REVERSED AND REMANDED WITH DIRECTIONS.
CONNOLLY, Justice, dissenting.
I dissent for the reasons stated in my dissent in Smith v. State, 248 Neb. 360, 535 N.W.2d 694 (1995).
WRIGHT and GERRARD, JJ., join in this dissent.