LEANNA FAYE PRIEST, APPELLEE, V.
RONALD EDWARD PRIEST, APPELLANT.
554 N.W.2d 792

Filed November 8, 1996.    No. S-94-222.

Chris Abboud for appellant.

Mark A. Klinker for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

This is a further review of the decision of the Nebraska Court of Appeals in a marriage dissolution proceeding involving LeAnna Faye Priest and Ronald Edward Priest.

## ASSIGNMENTS OF ERROR

Restated, the wife claims the Court of Appeals erred in (1) eliminating the alimony awarded her by the trial court; (2) providing that her husband's lien on the family home should bear interest of 8 percent, compounded annually; and (3) failing to award her attorney fees in the Court of Appeals.

We hold that the Court of Appeals erred in eliminating the wife's alimony award and in allowing compound interest on the husband's lien on the family home. In all other respects, we affirm the Court of Appeals' determinations.

## FACTS

After a trial, the district court for Sarpy County granted a dissolution of the parties' marriage and awarded the wife (1) alimony of $250 a month for 154 months, terminable upon the death of either party, the remarriage of the wife, or the retirement of both parties; (2) the family home, subject to a commercial mortgage and subject to a $20,144 non-interest-bearing lien in favor of the husband, both of which, under the decree, the wife is required to pay; (3) attorney fees; and (4) 50 percent of the husband's pension payments when he begins receiving those payments. The husband was awarded 50 percent of the wife's pension payments when she begins receiving her payments. Certain other personal property was set over unto each party, and certain debts were allocated to each party for payment. Neither party, on the appeal to the Court of Appeals or in this court, has contested such distribution of personal property or allocation of debts, and those items will not be discussed further.

Additional facts necessary for the disposition of this further review will be set forth in our analysis of this cause.

## APPEAL TO COURT OF APPEALS

The husband appealed certain of the trial court's determinations to the Court of Appeals. Changes made by the Court of Appeals to the trial court's decree included (1) elimination of the wife's alimony award and (2) that the husband's $20,144 lien on the couple's home should bear interest at 8 percent, compounded annually. The Court of Appeals affirmed the trial court's award of attorney fees to the wife, but denied her request for attorney fees for the appeal to the Court of Appeals. Although the issue was not raised by the parties, the Court of Appeals, citing plain error, reversed the trial court's distribution of the parties' pension benefits, and that issue was remanded to the trial court for further proceedings. See *Priest v. Priest*, 96 NCA No. 4, case No. A-94-222 (not designated for permanent publication). Neither party has claimed there was error with the Court of Appeals' treatment of the parties' pension benefits.

We granted the wife's petition for further review to consider the wife's three assigned errors and the Court of Appeals' granting of compound interest.

## STANDARD OF REVIEW

In our further review of dissolution of marriage actions, our review is de novo on the record to determine if there was an abuse of discretion by the trial judge or the Court of Appeals on the issues contained in the parties' assignments of error in this court. See, *Reichert v. Reichert*, 246 Neb. 31, 516 N.W.2d 600 (1994); *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992); *Stuhr v. Stuhr*, 240 Neb. 239, 481 N.W.2d 212 (1992). The Supreme Court also has the inherent power to consider plain error. Plain error exists where there is error, plainly evident from the record but not complained of at trial or before the Court of Appeals, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. See, *Biddlecome v. Conrad*, 249 Neb. 282, 543 N.W.2d 170 (1996); *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995); *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995); *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 168 (1994).

## ANALYSIS

### ALIMONY

In this case, the trial court ordered the husband to pay the wife $250 per month alimony for 154 months, terminable upon the death of either party, the remarriage of the wife, or the retirement of both parties. We find that the Court of Appeals erred in eliminating the wife's alimony award, because the trial court did not abuse its discretion in awarding the wife alimony.

Neb. Rev. Stat. § 42-365 (Reissue 1993) provides in relevant part:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities . . . .

. . . The purpose of a property division is to distribute the marital assets equitably between the parties. The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and the other criteria enumerated in this section make it appropriate.

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is one of reasonableness, and this is initially entrusted to the discretion of the trial judge. *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995); *Stuczynski v. Stuczynski*, 238 Neb. 368, 471 N.W.2d 122 (1991). An appellate court is not inclined to disturb the trial court's award unless it is patently unfair on the record. See, *Koubek v. Koubek*, 212 Neb. 2, 321 N.W.2d 55 (1982); *Johnson v. Johnson*, 209 Neb. 317, 307 N.W.2d 783 (1981).

In applying the criteria of § 42-365 to determine whether the trial court abused its discretion in awarding alimony to the wife, we note that the duration of the marriage in this case was more than 31 years. The history of that period reflects that the wife's contributions to the marriage were not only her employment outside the home in later years because her husband said, "[W]e could use the extra money," but also her raising of four children, all of whom at the time of trial were adults.

The record reflects that for approximately 2 months after the parties were married, the wife worked outside the home. Soon after, she became sick due to her pregnancy and could no longer work outside the home. It was from a time within a couple of months after her marriage in 1962 until 1978 that the wife was not employed outside the home. She testified without contradiction that during that interim, there were minors in the home and that it was her responsibility as part of the marital agreement to take care of the children. The wife testified that when the youngest child was almost 3 years old, the husband wanted her to become employed outside the home because, he said, "[W]e could use the extra money." In 1978, she went to work part time at Baker's Supermarket and remained a part-time employee for about 8 years before she became a full-time employee. She was still a full-time Baker's Supermarket employee at the time of trial.

Since the filing of the dissolution petition, the wife "sold back" to Baker's her vacation time. She testified additionally of the "necessity" for her to work overtime to meet her financial obligations.

Based upon a review of the facts and circumstances in this case and the criteria set forth in § 42-365, we hold that the trial court's award of alimony in this case was not "patently unfair," and therefore, it cannot be said that the trial court abused its discretion in awarding the wife alimony. As a result, the Court of Appeals' elimination of the trial court's allowance of alimony to the wife is reversed, and the trial court's allowance of alimony should be reinstated as of the date of the trial court's decree.

## HUSBAND'S LIEN ON HOME

The parties in this case were married on December 15, 1962. In its January 31, 1994, decree, the trial court ordered the marriage dissolved. In its decree, the trial court equally divided the parties' equity in the family home by awarding the wife the home subject to the unpaid balance of a commercial mortgage and subject to a non-interest-bearing $20,144 lien in favor of the husband, both of which the wife was ordered to pay. Under the trial court's decree, the wife could pay the lien at any time, but no later than when the house is sold, the wife retires, or December 26, 2006, whichever first occurs.

As previously stated, on appeal the Court of Appeals ordered the wife to pay the husband 8 percent interest, compounded annually, on the unpaid balance of his lien. This type of lien on the family home is part of a deferred property distribution. The wife complains that the Court of Appeals erred in requiring her to pay interest on the husband's lien against the family home.

It has been well established that Neb. Rev. Stat. § 45-103 (Reissue 1993), Nebraska's statute providing for interest on judgments, does not require interest to be charged on a marital deferred property distribution. See, *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995); *Dryden v. Dryden*, 205 Neb. 666, 289 N.W.2d 525 (1980). However, it is within the discretionary power of the district court to award interest on deferred installments payable as part of a marital property distribution, and those decisions will be upheld absent an abuse of discre-

tion. See, *Thiltges, supra*; *Seemann v. Seemann*, 225 Neb. 116, 402 N.W.2d 883 (1987); *Nickel v. Nickel*, 201 Neb. 267, 267 N.W.2d 190 (1978). When utilizing this discretionary power, a factor the district court or the Court of Appeals should take into consideration is the burden on the payor spouse. See, *Thiltges, supra*; *Nickel, supra*.

In the case under consideration, the trial court abused its discretion in not awarding interest on the husband's lien. A de novo review of the record reflects that the payment of simple interest on the unpaid balance of the lien will not be an intolerable burden upon the wife, the payor spouse. Further, because deferred awards lose value over time, interest payments may be added to reflect the actual value of the award. An interest-free deferred property award, such as a husband's lien on the family home, is the kind of asset most vulnerable to the ravages of inflation. See *Thiltges, supra.* Under the circumstances of this case and taking into consideration our reinstatement of the wife's $250-per-month alimony award, a reasonable division of the equity in the parties' home can result only if the husband's lien bears a reasonable rate of interest.

The Court of Appeals' decision to award the husband interest at the annual rate of 8 percent on his lien on the family home was proper under the facts of this case. However, the Court of Appeals committed error when it ordered that the interest be *compounded* annually. In the absence of a contract or statute, compensation in the form of compound interest is not permitted to be computed on a debt. *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995); *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994). Because no compound interest contract or statute is involved in the present case, compound interest is not authorized and will not be permitted.

We modify the decision of the Court of Appeals and order the wife to pay on the husband's lien on the family home simple interest at the rate of 8 percent per annum from the date of the trial court's decree. Such interest may be paid by the wife monthly, semiannually, or annually on the principal balance of the husband's lien from time to time remaining unpaid, as determined by the trial court on remand.

## ATTORNEY FEES

The awarding of attorney fees in a dissolution proceeding is initially entrusted to the discretion of the trial court, and, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of discretion. *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992); *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). Under the circumstances, it cannot be said that the trial court abused its discretion in granting the wife attorney fees in the amount of $900. We agree with the Court of Appeals' holding affirming the award of attorney fees of $900 in the trial court.

The wife requests attorney fees for services of her counsel for the appeals to the Court of Appeals and this court. The award of attorney fees depends on multiple factors that include

> "the nature of the case, the amount of property divided and alimony awarded, the earning capacity of the parties, the services performed and results obtained, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case."

*Ritter*, 234 Neb. at 209, 450 N.W.2d at 210. See *Venter v. Venter*, 249 Neb. 712, 545 N.W.2d 431 (1996). Considering each of these factors, we conclude that each party shall pay her and his own attorney fees for services in both appellate courts.

## PENSIONS

The trial court's division of the parties' pension benefits was not challenged by either party on appeal to the Court of Appeals. We agree with the Court of Appeals that the trial court's allocation of these pension benefits was plain error. The pensions of both parties are to be included in the marital estate. Neb. Rev. Stat. § 42-366(8) (Reissue 1993). However, in a marriage dissolution, the marital estate includes only that portion of the pensions earned during the marriage. See *Reichert v. Reichert*, 246 Neb. 31, 516 N.W.2d 600 (1994). In the present case, the trial court awarded each party 50 percent of the other's pension payments as soon as the pension payments are made. The effect of this order would permit each party to receive the

benefit of money placed into the other's pension fund after the divorce. Contributions to pensions before marriage or after dissolution are not assets of the marital estate and not subject to a division. See, *Reichert, supra; Hildebrand v. Hildebrand,* 239 Neb. 605, 477 N.W.2d 1 (1991). Thus, we agree with the Court of Appeals' decision to remand the pension issue to the trial court with instructions to divide only the pension benefits accumulated during the course of the marriage.

## CONCLUSION

We remand the cause to the Court of Appeals with directions to remand the cause to the district court for further proceedings and for the entry of a decree in accordance with this opinion.

REMANDED WITH DIRECTIONS.