**STATE of Iowa, Appellee,**

v.

**Raquel Ayn KENTNER, Appellant.**

No. 96–786.

Supreme Court of Iowa.

April 23, 1997.

Maria Ruhtenberg of Paul Rosenberg & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, J. Patrick White, County Attorney, and Jan C. Waterhouse, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Raquel Kentner has appealed her conviction of operating while intoxicated, contending that it was error for the district court to deny her motion to suppress breath-test results because the testing officer had failed to comply with the advisory requirements of Iowa Code section 321J.8 (1995) (as amended by 1995 Iowa Acts ch. 48, § 15). We affirm.

Following Kentner's arrest, an officer invoked implied consent proceedings to obtain a breath specimen for alcohol analysis. Prior to taking the sample, the officer read to Kentner an advice form that stated, in part:

> Refusal to submit to the withdrawal of a body specimen for chemical testing will result in revocation of your privilege to operate a motor vehicle for 240 days if you have not previously been revoked within the previous six years under the implied consent or drunk driving laws of this state, or for 540 days if you have one or more revocations within the previous six years.
>
> . . . .
>
> If you consent to chemical testing and the test results indicate an alcohol concentration of ten hundredths or more, the department shall revoke your privilege to operate a motor vehicle for a period of 180 days if you have no revocation within the previous six years under the drunk driving or implied consent law, or for one year if you have one or more previous revocations under those provisions.

In reading the form to Kentner, the officer purported to comply with the requirements of Iowa Code section 321J.8, which states:

> A person who has been requested to submit to a chemical test shall be advised by a peace officer of the following:
>
> 1. If the person refuses to submit to the test, the person's motor vehicle license or nonresident operating privilege will be revoked by the department as required by and *for the applicable period specified under section 321J.9.*
>
> 2. If the person submits to the test and the results indicate an alcohol concentration as defined in section 321J.1 of .10 or more, ... the person's motor vehicle license or nonresident operating privilege will be revoked by the department as required by and *for the applicable period specified under section 321J.12.*

(Emphasis added.)

Kentner contends that the advice given to her was insufficient to comply with section 321J.8 because the officer failed to inform her that she would be ineligible for a work permit for specified periods of time if she either refused the test or failed it. She also contends that the officer failed to advise her

of the commencement date of the revocation. As a result, she contends, the officer violated Iowa Code section 321J.8.

Last month we decided *Primm v. Iowa Dept. of Transportation*, 561 N.W.2d 80 (Iowa 1997), a case that is dispositive of the defendant's ineligibility argument. We held in *Primm* that section 321J.8 requires an officer to advise a subject of the revocation consequences of the decision on whether to give body specimens, but it does not require that a subject also be advised as to the period of ineligibility for a temporary license. *Primm*, 561 N.W.2d at 81.

Kentner also complains that the officer failed to state when the revocation would become effective, an issue not raised in *Primm*. Section 321J.8 does not require advice concerning the commencement date of the revocation; it only requires advice as to the "periods of time" of the revocation, and the advisory form read to Kentner complied with that requirement. We therefore reject this argument.

The advice form is already quite lengthy. If we were to require additional advice on matters not expressly required by section 321J.8, the only way for an officer to be certain to comply with section 321J.8 would be to read Iowa Code sections 321J.9 and 321J.12 in their entirety. Such a lengthy statement of "rights" would obscure the key revocation information required by section 321J.8 and would in all likelihood further confuse the subject.

Kentner also mentions, but does not develop, a constitutional argument that her decision to give a breath sample was involuntary and that she was therefore denied her due process. We rejected that argument in *State v. Knous*, 313 N.W.2d 510 (Iowa 1981), and that case controls on this issue.

**AFFIRMED.**