PROFESSIONAL COLLECTION SERVICE, APPELLEE, V.
GARY COBLE, APPELLANT, IMPLEADED WITH JANET
COBLE, APPELLEE.

264 N. W. 2d 686

Filed April 19, 1978.   No. 41459.

Thomas O. David, for appellant.

Jess C. Nielsen of Crosby & Nielsen, for appellee Professional Collection Service.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and COLWELL, District Judge.

PER CURIAM.

This was an action in the county court of Lincoln County, Nebraska, upon an account by Professional Collection Service against Gary Coble and Janet Coble. There was no service upon the defendant Janet Coble and she made no appearance in the county court. The plaintiff recovered judgment in the county court against "defendant" in the amount of $939.76 plus attorney fees in the amount of $98.98 and interest and costs. The defendant Gary Coble then appealed to the District Court where, nearly 2 years later, the appeal was dismissed for lack of prosecution. A motion for new trial filed by both defendants was sustained. The plaintiff then recovered judgment against both defendants in the amount of $425.67 plus attorney fees in the amount of $44.48 and interest and costs. The defendant Gary Coble has appealed. There is no cross-appeal.

The assignments of error relate to the capacity of the plaintiff to sue and the sufficiency of the evidence to sustain the judgment.

The account was for merchandise sold by Miller &

Paine, a corporation, of Lincoln, Nebraska, to the defendant Janet Coble, the wife of the defendant Gary Coble, between August 13 and October 24, 1969. The answer of Gary Coble alleged that the defendants were divorced on or about May 6, 1974.

The account was assigned by Miller & Paine to Professional Collection Service on September 25, 1971. The evidence shows that from October 8, 1973, to May 10, 1974, Gary Coble made 8 payments amounting to $189.66 on the account. This action was commenced January 31, 1975.

The petition alleged that the plaintiff was a Nebraska corporation, the Credit Bureau of North Platte, Inc., which operated a collection of accounts division under the name of Professional Collection Service, a duly registered trade name. The defendant made no objection prior to trial to the way in which the action had been brought.

The plaintiff in this case was the Credit Bureau of North Platte, Inc., and the plaintiff should have been correctly identified in the caption to the petition. See 61 Am. Jur. 2d, Pleading, § 24, p. 473. There was no prejudice to the defendant, however, because the fact was alleged in the petition. The defendant's failure to timely object waived any error based on the defect in the caption. See Patrick v. Norfolk Lumber Co., 81 Neb. 267, 115 N. W. 780.

With respect to the sufficiency of the evidence, the plaintiff proved the account, the payments on the account by the defendant Gary Coble, and the assignment of the account to the plaintiff. The defendant offered no evidence. The evidence was sufficient for the trier of fact to conclude that the defendant was indebted to the plaintiff in the amount of the judgment.

The judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., not participating.