REBECCA BUCKINGHAM, APPELLANT, V. CREIGHTON UNIVERSITY, APPELLEE.

539 N.W.2d 646

Filed November 17, 1995.   No. S–95–275.

John C. Nimmer for appellant.

Dennis R. Riekenberg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Rebecca Buckingham appeals an order of the Nebraska Workers' Compensation Court review panel granting partial summary judgment on claims for medical expenses and for injury to her right hand and arm as described in a petition for modification of her initial workers' compensation award.

The question we are asked to decide is whether the Workers' Compensation Court is empowered to grant summary judgments. We conclude that the compensation court does not have such power and therefore reverse the court's order granting partial summary judgment to the appellee, Creighton University, and remand the cause for further proceedings.

## FACTUAL BACKGROUND

On March 31, 1993, Buckingham filed a petition with the Nebraska Workers' Compensation Court seeking benefits for a work–related injury to her left wrist and arm that occurred while she was employed with Creighton. At trial, Buckingham added to the petition by interlineation, a claim for injury to her right hand and arm. The trial judge specifically found that Buckingham "failed to prove by a preponderance of the evidence that she sustained any right hand or arm injury as a result of a work related accident while employed [with Creighton]."

The trial court judge found that Buckingham was entitled to benefits of $228.03 per week for $41^2/_7$ weeks for temporary total disability and $228.03 per week for $17^1/_2$ weeks for a 10–percent permanent partial disability to the left hand. The Workers' Compensation Court trial judge ordered that Creighton receive credit for $2,358.74 in medical bills that were paid prior to the hearing date.

After Buckingham applied for a rehearing, the review panel affirmed the trial judge's decision without opinion. Buckingham filed a petition for modification, citing unpaid medical

expenses, increase in the injury to her right hand and arm, and increased incapacity and requesting additional vocational benefits. Creighton filed a motion for partial summary judgment on the issues of medical expenses and the right–hand and right–arm injury, stating that both claims were barred by collateral estoppel and res judicata.

The trial judge granted Creighton's motion for partial summary judgment, and Buckingham filed an application for rehearing on the issue of medical expenses. The review panel affirmed the order of the trial judge. Buckingham appeals.

## ASSIGNMENTS OF ERROR

Buckingham assigns three errors: (1) The trial court and the review panel erred in granting summary judgment because the compensation court does not have the authority to grant summary judgments, and in the alternative, (2) the trial court and review panel erred in granting summary judgment with respect to the pre–October 19, 1993, medical bills and (3) the trial court and review panel erred in granting summary judgment with respect to Buckingham's right–arm and right–hand injury.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48–185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995); *Shade v. Ayars & Ayars, Inc.*, 247 Neb. 94, 525 N.W.2d 32 (1994).

## ANALYSIS

The threshold issue in this case is whether the compensation court has the power to grant motions for summary judgment.

The Nebraska Workers' Compensation Court was created pursuant to the Legislature's power to create courts inferior to

the state court as found in Neb. Const. art. V, § 1. See, *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967); *City of Lincoln v. Nebraska Workmen's Compensation Court*, 133 Neb. 225, 274 N.W. 576 (1937). As a statutorily created court, the compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984). Therefore, we must determine if the granting of preliminary motions such as summary judgment motions is statutorily authorized for the compensation court.

Neb. Rev. Stat. § 48–162 (Reissue 1993) explains the powers of the compensation court. It provides in part:

> The Nebraska Workers' Compensation Court, or any judge thereof, is authorized and empowered to examine under oath or otherwise [certain persons], to issue subpoenas for the appearance of witnesses and the production of books and papers, to solemnize marriages, and to administer oaths with like effect as is done in other courts of law in this state. In the examination of any witness and in requiring the production of books, papers, and other evidence, the compensation court shall have and exercise all of the powers of a judge, magistrate, or other officer in the taking of depositions or the examination of witnesses, including the power to enforce his or her orders by commitment for refusal to answer or for the disobedience of any such order.

Furthermore, the compensation court may by a majority vote of judges, adopt and promulgate all reasonable rules and regulations necessary for carrying out the intent and purpose of the Nebraska Workers' Compensation Act and shall administer and enforce all provisions of the act. Neb. Rev. Stat. § 48–163 (Reissue 1993). Additionally, the compensation court is authorized to require production of books or papers and to expedite the hearing of a disputed case. *Id.*

The procedure before the compensation court is described in Neb. Rev. Stat. §§ 48–173 through 48–177 (Reissue 1993). When a dispute arises with regard to workers' compensation, the statutory procedure in § 48–173 requires the filing of a

petition which sets forth

> the names and places of residence of the parties and the facts relating to the employment at the time of the injury for which compensation is claimed, the injury in its extent and character, the amount of wages being received at the time of the injury, the knowledge of or notice to the employer of the occurrence of such injury, and such other facts as may be considered necessary for the information of the compensation court . . . .

After being served with a petition, a party has 7 days to file an answer. § 48-176. The next procedural step is a hearing on the merits. § 48-177. No provision is made in this statute for a motion for summary judgment.

The absence of authorization for summary judgment motions found in the workers' compensation statutes contrasts with the express statutory authorization for the use of summary judgment motions in the district and county courts. The procedure for summary judgments in district courts is set forth at Neb. Rev. Stat. §§ 25-1330 through 25-1336 (Reissue 1989). County courts are authorized to grant summary judgments through Neb. Rev. Stat. § 25-2701 (Reissue 1989) which provides:

> All provisions in the codes of criminal and civil procedure governing actions and proceedings in the district court not in conflict with statutes specifically governing procedure in county courts and related to matters for which no specific provisions have been made for county courts shall govern and apply to all actions and proceedings in the county court.

As there are no specific statutory provisions prohibiting the use of summary judgment motions in the county courts, § 25-2701 specifically authorizes their use in county courts.

While the district courts and county courts are given specific authorization to use the summary judgment procedure, no provision is made for the procedure in the workers' compensation statutes. As a court of limited jurisdiction, the compensation court must be specifically authorized to grant motions for summary judgment. See *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984).

Furthermore, this court has recognized several situations in

which the compensation court is limited by its statutory authorization. For example, in civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered. *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994); *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). However, the compensation court has no inherent power to vacate or modify its own judgment. *Smith v. Fremont Contract Carriers, supra.* Additionally, this court has held that the compensation court cannot grant a motion for a new trial. *Carter v. Weyerhaeuser Co.*, 234 Neb. 558, 452 N.W.2d 32 (1990). See, also, *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987).

As the previous authorities indicate, this court has recognized that the compensation court is limited by its statutory authorization. Because the compensation court is of statutory creation, its powers are appropriately limited to those delineated in the statute. See *Smith v. Fremont Contract Carriers, supra.* There is no authorization for a grant of a summary judgment motion in the statute; therefore, the compensation court acted outside its powers when it granted Creighton's motion for partial summary judgment.

A judgment, order, or award of the compensation court may be modified, reversed, or set aside upon grounds that the compensation court acted without or in excess of its powers. *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995).

## CONCLUSION

The Workers' Compensation Court's grant of partial summary judgment was improper because the court is not statutorily authorized to grant motions for summary judgment. As we find the granting of summary judgment to be improper in this case, we need not consider the other errors assigned by Buckingham. This case is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.