BONNIE JOLLY AND NEBRASKA ASSOCIATION OF PUBLIC
EMPLOYEES, LOCAL 61, OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES, APPELLANTS,
V. STATE OF NEBRASKA ET AL., APPELLEES.

562 N.W.2d 61

Filed April 18, 1997.   No. S-95-385.

Ray Simon, of Tietjen, Simon & Boyle, for appellants.

Don Stenberg, Attorney General, and Lisa D. Martin-Price
for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD,
STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

This case involves a claim by the plaintiffs, Bonnie Jolly and
the union of which she is a member, Nebraska Association of
Public Employees, Local 61, of the American Federation of
State, County and Municipal Employees, as appellants, alleging
that Jolly's employer, the Nebraska Department of Revenue,
engaged in prohibited practices in violation of Neb. Rev. Stat.
§ 81-1386 (Reissue 1994). The issue was reclassification of
Jolly's position with the Department of Revenue. The Nebraska
Commission of Industrial Relations (Commission), acting on a
motion for summary judgment filed by the State of Nebraska,
entered a summary judgment in favor of the State.

No party raised in the pleadings, nor assigned as error, the
question of whether the Commission had the authority to enter-
tain or grant motions for summary judgment. We find that plain

error exists in this case on said issue and, therefore, reverse and remand the cause for further proceedings.

## ANALYSIS

Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997); *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994); *Humphrey v. Nebraska Public Power Dist.*, 243 Neb. 872, 503 N.W.2d 211 (1993).

Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996); *In re Estate of Morse, supra*; *Dike v. Dike*, 245 Neb. 231, 512 N.W.2d 363 (1994); *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993).

Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Law Offices of Ronald J. Palagi v. Dolan, supra*; *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996); *Biddlecome v. Conrad*, 249 Neb. 282, 543 N.W.2d 170 (1996); *In re Estate of Morse, supra*; *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995).

Since the time that the appellants' brief was filed in this case, this court has held that a statutorily created court has only such authority as has been conferred upon it by statute. Thus, its powers are limited to those delineated by statute. *Buckingham v. Creighton University*, 248 Neb. 821, 539 N.W.2d 646 (1995). Administrative bodies, likewise, have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. *PLPSO v. Papillion/LaVista School Dist., post* p. 308, 562 N.W.2d 335 (1997); *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev.*, 251 Neb. 852, 560 N.W.2d 436 (1997); *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*, 251 Neb. 61, 554 N.W.2d 778

(1996); *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995), *cert. denied* 517 U.S. 1191, 116 S. Ct. 1681, 134 L. Ed. 2d 783 (1996); *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995). In *NAPE v. Game & Parks Comm.*, 220 Neb. 883, 374 N.W.2d 46 (1985), we stated that the Commission is an administrative body performing a legislative function; therefore, the Commission can grant a motion for summary judgment only if statutorily authorized to do so.

To determine if the Commission has the statutory authority to grant a motion for summary judgment, we must examine the Industrial Relations Act, Neb. Rev. Stat. § 48-801 et seq. (Reissue 1993), which explains the powers of the Commission. Because the appellants alleged a violation of the prohibited practices statute, § 81-1386, we must also examine the State Employees Collective Bargaining Act, Neb. Rev. Stat. § 81-1369 et seq. (Reissue 1994), which is cumulative to the Industrial Relations Act, see § 81-1372, and confers the authority upon the Commission to hear prohibited practices complaints, § 81-1387. A review of these applicable statutes clearly shows the statutes do not give the Commission the authority to entertain or grant motions for summary judgment. There is no construction of this act which would give rise to the authority to entertain or grant motions for summary judgment. See *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev., supra.*

## CONCLUSION

Based upon the above, the decision of the Commission is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.