BIG JOHN'S BILLIARDS, INC., A NEBRASKA CORPORATION,
APPELLEE, V. M. BERRI BALKA, STATE TAX COMMISSIONER, AND
STATE OF NEBRASKA, DEPARTMENT OF REVENUE, APPELLANTS.

577 N.W. 2d 294

Filed April 23, 1998.   No. S-97-146.

Don Stenberg, Attorney General, and L. Jay Bartel for appellants.

Sheldon J. Harris and Brent M. Kuhn, of Harris, Feldman Law Offices, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

The State of Nebraska, Department of Revenue (Department), and M. Berri Balka, the State Tax Commissioner, appeal the district court's decision reversing the commissioner's summary judgment order assessing sales tax on hourly fee pool tables. We dismiss because the commissioner is without authority to grant summary judgment and, thus, the commissioner's order was not final. The district court did not have jurisdiction.

## BACKGROUND

Big John's Billiards, Inc. (Big John's), a Nebraska corporation, owns and operates entertainment centers equipped with pool tables, some of which are coin operated and some of which are paid for on an hourly fee basis. Big John's was licensed by the State of Nebraska to operate mechanical amusement devices pursuant to the Mechanical Amusement Device Tax Act (the Act), Neb. Rev. Stat. §§ 77-3001 to 77-3011 (Reissue 1990), which license was renewed annually for a fee of $250 for the operation of five or more machines. Apparently, assuming the hourly fee pool tables were covered by the Act, Big John's did not charge sales tax on the fees paid by customers using those tables.

The Department conducted an audit of Big John's and issued a deficiency assessment for Nebraska sales and consumer's use tax against Big John's for its failure to collect sales tax on the hourly fee tables. Big John's protested the deficiency assessment before the commissioner, and both parties filed motions for summary judgment. A hearing was held and briefs were submitted on the motions. The commissioner granted the Department's motion for summary judgment, noting that there was no dispute as to the relevant facts, and denied Big John's motion for summary judgment.

Big John's appealed to the district court, which reversed the commissioner's decision. The district court concluded that the hourly fee pool tables must be governed by the Act, otherwise the Act would violate Neb. Const. art. III, § 18, which prohibits special legislation. This conclusion was based upon the district court's determination that there is no substantial difference between the two types of pool tables and that where no substantial difference exists, classification is unconstitutional.

## ASSIGNMENTS OF ERROR

The Department and the commissioner assert that the district court erred in (1) concluding that Big John's hourly fee pool tables fell within the definition of a "mechanical amusement device" under the Act and that the gross receipts generated from fees charged by Big John's to customers for use of such pool tables were therefore not subject to Nebraska sales tax and (2)

concluding that there was no substantial difference between coin-operated pool tables and hourly fee pool tables for purposes of Neb. Const. art. III, § 18.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998).

## ANALYSIS

We do not reach the assignments of error because Big John's argues that the Department was without authority to enter an order of summary judgment, citing *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev.*, 251 Neb. 852, 560 N.W.2d 436 (1997), and *Jolly v. State*, 252 Neb. 289, 562 N.W.2d 61 (1997). We must consider this issue regardless of whether it was assigned because it is a jurisdictional question, and the absence of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *County of Sherman v. Evans*, 252 Neb. 612, 564 N.W.2d 256 (1997).

For a district court to have jurisdiction over an administrative agency's decision, that decision must be final. Neb. Rev. Stat. § 84-917 (Reissue 1994). An order granting summary judgment is a final, appealable order, *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996), but a summary judgment granted without authority is no order at all, see *State v. Wren*, 234 Neb. 291, 450 N.W.2d 684 (1990) (holding that sentence imposed without authority is void). Therefore, if the Department's summary judgment order was granted without authority, the Department's decision was not final, and the district court was without jurisdiction to review that decision under the Administrative Procedure Act. If the district court lacked jurisdiction, then this court lacks jurisdiction. See *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995). Thus, we must determine whether the Department had the authority to grant summary judgment in order to determine whether we have jurisdiction to hear this appeal.

In *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev., supra,* we noted that administrative agencies have only that authority explicitly granted by statute. Accordingly, in the absence of a statutory grant, an administrative agency does not have the authority to grant summary judgment in a contested case, as contested cases otherwise require notice and an opportunity for a full and fair hearing. *Stoneman v. United Neb. Bank, ante* p. 477, 577 N.W.2d 271 (1998). Neither the Administrative Procedure Act nor chapter 77 of the Nebraska Revised Statutes, covering revenue and taxation issues, authorizes the Department to grant summary judgment. In the absence of any such authority, we must conclude that the Department's summary judgment order in the instant case was void ab initio. There was no final order. Therefore, this court is without jurisdiction to hear this appeal, and we do not reach either of the assignments of error.

## CONCLUSION

This court lacks jurisdiction to hear this appeal because the commissioner lacks the authority to grant summary judgment, and thus, the commissioner's decision was not final. Therefore, the appeal must be dismissed.

APPEAL DISMISSED.