IN RE INTEREST OF JADEN H., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE, V. DARREN H., APPELLANT, AND AMANDA T., APPELLEE AND CROSS-APPELLANT.

638 N.W.2d 867

Filed February 8, 2002.   No. S-00-831.

Christine P. Costantakos for appellant.

Laura M. Hilliard for appellee Amanda T.

James S. Jansen, Douglas County Attorney, and Karen Kassebaum Nelson for appellee State of Nebraska.

Thomas K. Harmon, guardian ad litem for Jaden H.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

The separate juvenile court of Douglas County granted a motion by the State of Nebraska for partial summary judgment in proceedings to terminate the parental rights of Amanda T. and Darren H. to their child, Jaden H. Amanda and Darren separately appealed. The Nebraska Court of Appeals affirmed, and remanded for determination of those issues not resolved in the grant of partial summary judgment. Amanda and Darren then filed petitions for further review with this court, which we granted.

For the sake of clarity, although Darren is the appellant and Amanda the cross-appellant in this action, because of the mutuality of their interests, we hereinafter refer to them collectively as appellants.

## FACTUAL BACKGROUND

On May 15, 2000, the State filed a petition to terminate appellants' parental rights to Jaden pursuant to Neb. Rev. Stat. § 43-292(2) (Reissue 1998). Section 43-292(2) allows for the termination of parental rights on the ground that the "parents have substantially and continuously or repeatedly neglected and refused to give . . . a sibling of the juvenile necessary parental care and protection." Section 43-292(2) was the only ground for termination alleged by the State.

The petition alleged that appellants previously neglected and refused to give parental care to Jaden's sibling, Suede H. Suede was born on May 28, 1994, and removed from the home by the Department of Health and Human Services on June 12, 1998, due to allegations of abuse. Another sibling, Destiny H., born on

May 26, 1993, was removed from the home at the same time as Suede. Jaden was born approximately 5 months after Suede and Destiny had been removed from the home by the department. In an order filed March 30, 1999, the separate juvenile court of Douglas County terminated appellants' parental rights to Suede and Destiny.

Pursuant to § 43-292(2), the State alleged in the petition to terminate appellants' parental rights to Jaden that (A) appellants continuously or repeatedly neglected and refused to give necessary care and protection to Suede, Jaden's sibling; (B) appellants' parental rights to Suede and Destiny had been terminated; (C) Suede suffered from "failure to thrive/malnourishment" while under appellants' care; (D) Suede suffered from several broken ribs and two broken arms while under appellants' care; (E) Suede had numerous bruises and swollen feet when he entered foster care; (F) Suede was forced to stand in a closet for extended periods of time; (G) Suede was subjected to nonaccidental injury (child abuse) while under appellants' care; (H) Suede's injuries occurred while in the care and custody of appellants; and (I) terminating appellants' parental rights to Jaden was in Jaden's best interests.

On July 21, 2000, the State filed an "Amended Motion for Partial Summary Judgment and Notice of Hearing" in the termination proceedings regarding Jaden, asserting that allegations in counts II and III, (A) through (H), contained in the petition "are res judicata and are considered the law of the case." The State asked the court to apply collateral estoppel based upon its earlier findings concerning appellants' abuse of Suede as determined in the court's prior termination order of March 30, 1999. The State also alleged that appellants had the opportunity to fully and fairly litigate the allegations contained in the March termination proceeding and that the March termination order was a final order.

On July 25, 2000, the court held a hearing on the motion for partial summary judgment and other unrelated matters. Appellants' counsel objected to the motion for partial summary judgment on the basis that granting the motion would deprive appellants of their "due process right to confront and cross-examine the witnesses with regard to . . . allegations A through H."

The court granted the motion for partial summary judgment on allegations (A) through (H) on July 25, 2000, leaving for determination at trial only the issues of whether "Jaden . . . is at risk for harm and whether or not it's in the best interest of the child . . . that the parental rights of the parents be terminated."

Appellants filed a motion for new trial. At the hearing on the motion, Darren's attorney presented evidence that Darren had petitioned for further review of the Court of Appeals' decision affirming the March 30, 1999, order terminating appellants' rights to Suede and Destiny and that this petition was still pending before the Nebraska Supreme Court. Appellants then argued to the juvenile court that because the matter was still on appeal, the judgment was not final and collateral estoppel could not be applied. The State responded, contending that in civil cases, a judgment is considered final for purposes of collateral estoppel when it is rendered, regardless of whether an appeal is taken from the order. On August 7, 2000, the court issued an order denying the motion for new trial.

Appellants appealed the grant of partial summary judgment to the Court of Appeals. In *In re Interest of Jaden H.*, 10 Neb. App. 87, 625 N.W.2d 218 (2001), the Court of Appeals found, inter alia, that the juvenile court lacked the statutory authority to grant summary judgment. However, the Court of Appeals went on to conclude that the juvenile court's grant of partial summary judgment constituted harmless procedural error on the facts of the case and affirmed the order of the juvenile court. The Court of Appeals then remanded the cause for resolution of those issues not determined in the grant of partial summary judgment.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Big John's Billiards v. Balka*, 254 Neb. 528, 577 N.W.2d 294 (1998); *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998).

## ASSIGNMENTS OF ERROR

Appellants assert, rephrased, consolidated, and renumbered, that the Court of Appeals erred in (1) determining the underlying

merits of the case when the Court of Appeals lacked jurisdiction to consider the appeal on its merits, (2) determining that the juvenile court's grant of summary judgment absent statutory authority to do so constituted harmless error, (3) finding that collateral estoppel applied to the issues determined by the March 30, 1999, order terminating appellants' parental rights to Suede and Destiny, (4) finding the juvenile court applied the correct standard of proof in the March 30 termination order, and (5) failing to apply the public interest exception to the doctrine of mootness in order to consider anew the issues regarding the March 30 order. Finally, appellants assert that (6) the decision by the Court of Appeals violated their constitutional rights to equal protection, procedural due process, and substantive due process under the U.S. Constitution. Because we determine that the first assignment of error has merit, we do not address the remaining assignments of error.

## JURISDICTION

■ The threshold issue in this case is whether the separate juvenile court of Douglas County had the power to grant a motion for partial summary judgment. If the juvenile court did not have the power to grant such an order, there would be "no order" from which an appeal could be taken. See *Big John's Billiards*, 254 Neb. at 530, 577 N.W.2d at 296. In such cases, this court "lacks jurisdiction" to determine the merits of the appeal. *Id.* While this issue was not raised by appellants in the proceedings before the juvenile court, lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001).

■ Pursuant to Neb. Const. art. V, § 27, the juvenile court is a statutorily created tribunal established by the Legislature, "with such . . . powers as the Legislature may provide." Each county, depending on its population, has either a separate juvenile court or a county court with authority to sit as a juvenile court. See Neb. Rev. Stat. §§ 43-2,111 (Reissue 1998) and 24-517(9) (Cum. Supp. 2000). As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute. See, *Schweitzer v. American Nat. Red*

*Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999); *Jolly v. State*, 252 Neb. 289, 562 N.W.2d 61 (1997); *Buckingham v. Creighton University*, 248 Neb. 821, 539 N.W.2d 646 (1995).

There is no statute which authorizes a separate juvenile court, or a county court sitting as a juvenile court, to grant summary judgment, partial or otherwise. Therefore, the juvenile court was without authority to grant partial summary judgment.

Appellants assert that because the juvenile court lacked the statutory authority to grant summary judgment, the Court of Appeals erred in failing to dismiss the appeal for lack of jurisdiction. The Court of Appeals, in its opinion, treated the juvenile court's grant of summary judgment as a type of "procedural error" and concluded that such error was harmless. *In re Interest of Jaden H.*, 10 Neb. App. 87, 103, 625 N.W.2d 218, 233 (2001). However, this court has consistently treated the authority of a statutorily created tribunal to grant summary judgment as a jurisdictional matter, whether the tribunal was a statutorily created court or an administrative body. See, *Jolly, supra*; *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev.*, 251 Neb. 852, 560 N.W.2d 436 (1997); *Buckingham, supra*. We discussed this issue most recently in *Big John's Billiards v. Balka*, 254 Neb. 528, 577 N.W.2d 294 (1998), wherein we dismissed the appeal after concluding that the Tax Commissioner lacked authority to grant summary judgment. We stated that "summary judgment granted without authority is no order at all." *Id.* at 530, 577 N.W.2d at 296.

Similarly, in the present case, the juvenile court's summary judgment order was granted "without authority" and, thus, was "no order at all." See *id.* Accordingly, we determine that the Court of Appeals was without jurisdiction to consider the merits of the appeal as there was no order from which an appeal could be taken. See, e.g., *Big John's Billiards, supra*; *Jolly, supra*; *Buckingham, supra*.

## CONCLUSION

The decision of the Court of Appeals is reversed. The cause is remanded to the Court of Appeals with directions to dismiss the appeal.

REVERSED AND REMANDED WITH DIRECTIONS.