DOUGLAS COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES, V. CIVIL SERVICE COMMISSION OF DOUGLAS COUNTY, NEBRASKA, APPELLANT.

641 N.W.2d 55

Filed March 29, 2002.    No. S-00-1155.

Steven J. Riekes and Harold M. Zabin, of Marks, Clare & Richards, for appellant.

Soren S. Jensen and Karl von Oldenburg, of Erickson & Sederstrom, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

In an order dated April 6, 2000, the Civil Service Commission of Douglas County (Commission) ordered the Douglas County Board of Commissioners (Board) to increase its portion of health insurance premium payments for all "nonbargaining unit employees" employed by the county, effective January 1, 2000. The Board appealed the Commission's order to the Douglas County District Court, which vacated the order. The Commission appeals.

## FACTUAL BACKGROUND

On December 14, 1999, the Board ratified an employment agreement between the Board and the Douglas County Health Department Employees Association (Association). The Association is the bargaining unit for health department union employees. The agreement provided in part that the Board would pay an increased percentage of health insurance premium payments for Association members. Some employees of the health department were Association members, while others were nonbargaining unit employees.

The agreement ratified by the Board became effective January 1, 2000. After the agreement went into effect, Association members paid a smaller percentage of their health insurance premiums than that being paid by nonbargaining unit employees.

Four registered nurses employed by the department of health as nonbargaining unit employees, acting pro se, appealed the Board's December 14, 1999, decision to the Commission. On April 6, 2000, the Commission held a hearing on the nurses' appeal. All four nurses were present at the hearing, but only one nurse testified. This nurse asked the Commission to find that the agreement ratified by the Board violated "Article 2, page 10," of the "Civil Service Personnel Policy Manual" by providing an "enhanced contribution benefit" for Association members.

At the conclusion of the nurse's testimony, the Commission unanimously passed a motion which provided, inter alia, that "the insurance premium be comparable to the bargaining unit-approved insurance premium payment for all Civil Service employees."

The Commission then issued an order dated April 6, 2000. The order states in pertinent part:

> In review of the testimony heard and evidence presented, the Commission finds that a disparate situation does exist with regards to Douglas County's enhanced payment of health insurance benefits relative to bargaining and non-bargaining unit employees. The Commission finds that it has the proper authority to provide for equitable treatment for all employees under it's [sic] jurisdiction and that such disparate treatment is contrary to the Commission's rules.
>
> . . . .
>
> IT IS THEREFORE ORDERED, DECREED AND ADJUDGED that all non-bargaining employees under the jurisdiction of the Douglas County Civil Service Commission shall receive the enhanced health insurance payment plan currently provided to those employees covered by the extant labor agreement between the Douglas County Board of Commissioners and the Health Department Employee's Association which became effective January 1, 2000.
>
> IT IS FURTHER ORDERED, DECREED AND ADJUDGED that the Board of County Commissioners has until July 1, 2000, to implement this plan and to provide for any possible retroactive payments to the plan's participants.
>
> IT IS FINALLY ORDERED, DECREED AND ADJUDGED that the Douglas County Board of Commissioners shall timely effectuate and comply with the terms of this Order.
>
> An appeal from a final Order of the Commission shall be in a manner provided by Nebraska Revised Statutes §25-1901 to §25-1908.

On May 5, 2000, the Board filed a petition in error pursuant to Neb. Rev. Stat. § 25-1901 (Cum. Supp. 2000) in the Douglas County District Court. The Board asked the court to set aside and reverse the April 6 decision of the Commission because it exceeded the statutory authority granted to the Commission.

A hearing was held in the district court on September 12, 2000. At that hearing, the Commission argued the district court lacked jurisdiction over the appeal because the April 6 order was not a judicial or quasi-judicial decision appealable through the petition in error statutes. The Board argued that proceeding by petition in error was proper and asked that the April 6 order be vacated.

In its order filed October 6, 2000, the district court first determined that the April 6 order was appealable pursuant to Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1995 & Cum. Supp. 2000). The court found that the Commission "exercised a judicial function by receiving evidence and hearing arguments by the R.N.s on their appeal concerning allegedly disparate treatment practiced by the Douglas County Board." Furthermore, the district court noted that the April 6 order itself "Ordered, Decreed and Adjudged" that " '[a]n appeal from a final Order of the Commission shall be in a manner provided by Nebraska Revised Statutes §25-1901 to §25-1908.' "

The district court then determined that (1) the Commission lacked the statutory authority to hear the nurses' appeal pursuant to Neb. Rev. Stat. § 23-2510 (Reissue 1997), (2) the Commission lacked the statutory authority to order the Board to increase its portion of nonbargaining unit employee insurance premium payments pursuant to Neb. Rev. Stat. § 23-2507 (Reissue 1997), and (3) the April 6 order was in excess of the Commission's authority pursuant to Neb. Rev. Stat. § 23-2508 (Reissue 1997). The court then vacated the Commission's order.

The Commission appealed and filed a petition to bypass the Nebraska Court of Appeals, which this court granted.

## ASSIGNMENTS OF ERROR

The Commission asserts, rephrased, that the district court erred in (1) finding the petition in error statutes were the proper vehicle to bring the appeal, (2) failing to find that the petitioners in error lacked standing to bring the appeal, and (3) finding that the Commission did not have the statutory authority to issue the April 6, 2000, order.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In*

*re Interest of Jaden H., ante* p. 129, 638 N.W.2d 867 (2002); *Big John's Billiards v. Balka,* 254 Neb. 528, 577 N.W.2d 294 (1998).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Interest of S.B., ante* p. 175, 639 N.W.2d 78 (2002); *In re Guardianship & Conservatorship of Garcia,* 262 Neb. 205, 631 N.W.2d 464 (2001).

## ANALYSIS

### JURISDICTION

■ In its first assignment of error, the Commission argues that the district court lacked jurisdiction to hear the Board's appeal because the April 6, 2000, order was not reviewable under the petition in error statutes. A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Interest of Jaden H., supra.* Pursuant to § 25-1901, only "[o]rders made in the *exercise of judicial functions* by a board or tribunal inferior to the district court are reviewable by proceedings in error." *Hawkins v. City of Omaha,* 261 Neb. 943, 953, 627 N.W.2d 118, 127 (2001). A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. *Id.*

The Commission asserts that the April 6, 2000, order was merely an employee policy or regulation issued pursuant to the Commission's authority under § 23-2507(1)(e) and therefore not the exercise of a judicial function appealable as a final order in accordance with § 25-1901. Section 23-2507(1)(e) grants the Commission the authority to prescribe "regulations for use by all offices governed by sections 23-1501 to 23-2516 relating to such matters as employee benefits, vacation, sick leave and holidays." However, the April 6 order announced no new rule or regulation. Instead, the order found that "disparate treatment" existed regarding health insurance premium payments. The order further "Ordered, Decreed and Adjudged" that the Board must grant specific relief to nonbargaining unit employees by increasing the Board's portion of insurance premium payments. On its face, the April 6 order exercised judicial functions.

Despite the language utilized in the order, the Commission relies on *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 517 N.W.2d 113 (1994), to argue that the April 6, 2000, order was not an exercise of judicial functions. In *Kropp*, the school board applied the unambiguous terms of plaintiff's employment contract in determining that plaintiff's placement on the teachers' salary scale was correct. We held that this decision by the school board was not reviewable under the petition in error statutes because the "school board did not decide any dispute of adjudicative fact and was not statutorily required to act in a judicial manner." *Id.* at 144, 517 N.W.2d 117.

Unlike the school board in *Kropp*, however, the Commission is statutorily required to act in a judicial manner in hearing employee appeals. Neb. Rev. Stat. § 23-2511 (Reissue 1997) requires that "within two weeks after receipt of the notice" of an employee appeal, the Commission must "hold a public hearing thereon at which the employee shall be entitled to appear personally, be represented by counsel, cross-examine witnesses and produce evidence." Neb. Rev. Stat. § 23-2512 (Reissue 1997) also empowers the Commission to "subpoena witnesses, administer oaths, and compel the production of books and papers."

Because the Commission is statutorily required to act in a judicial manner in deciding employee appeals, and the April 6, 2000, order was clearly intended to exercise judicial functions, the April 6 order was properly appealed by the Board through the petition in error statutes. See *Hawkins, supra*.

## STANDING

The Commission's second assignment of error raises another alleged jurisdictional defect with the Board's petition in error. In this assignment of error, the Commission argues that the petition in error was not filed by the Board, but instead by the seven members of the Board in their individual capacity. The Commission then contends that because the members of the Board as individuals have no interest in the outcome of the appeal, the petitioners lack standing. In order to have standing to invoke a tribunal's jurisdiction, one must have some legal or equitable right, title, or interest in the subject of the controversy. *Hagan v. Upper Republican NRD*, 261 Neb. 312, 622 N.W.2d 627 (2001).

The caption to the petition in error reads:

DOUGLAS COUNTY BOARD OF COMMISSIONERS, Mary Ann Borgeson, Chair, Board of Douglas County Commissioners, Michael Boyle, Douglas County Commissioner, Carole Woods Harris, Douglas County Commissioner, Kyle Hutchings, Douglas County Commissioner, Kathleen McCallister, Douglas County Commissioner, Carol Pirsch, Douglas County Commissioner, and Clare Duda, Douglas County Commissioner,

Petitioners-In-Error,

vs.

CIVIL SERVICE COMMISSION OF DOUGLAS COUNTY, NEBRASKA[,]

Respondent-In-Error.

The body of the petition states in pertinent part:

COME NOW, Petitioners-In-Error, and for their cause of action against the Civil Service Commission of Douglas County, Nebraska, who responded in error, alleges and states as follows:

1. Petitioners-In-Error, are residents of Douglas County, Nebraska and at all material times herein have been duly elected Douglas County Commissioners.

The Commission argues in its brief that paragraph 1 of the petition conclusively demonstrates that "the Appellee-Petitioners are seven individuals, and only seven individuals [and therefore] [n]either Douglas County nor the Douglas County Board are named in the Petition as being parties to these error proceedings." Brief for appellant at 22. The Commission then contends that in determining this issue, this court should not consider the caption to the petition because it "is, at best, ambiguous" and "not controlling." *Id.* at 23. For the same reason, the Commission asserts that the signature block, which is identical to the caption, should also not be considered. Finally, the Commission contends that based on *Professional Collection Service v. Coble*, 200 Neb. 683, 264 N.W.2d 686 (1978), if this court were to consider the caption, the definition of the parties contained in the body of the petition should control over the definition in the caption.

We find these arguments unpersuasive for two reasons. First, the language in paragraph 1 of the petition does not state that the

petitioners are individuals. It describes them as residents of Douglas County, who are Douglas County Commissioners. A reasonable interpretation of this sentence is that the petitioners in error are the Douglas County Commissioners in their official capacity as Commissioners, not seven individuals. Second, the caption and signature block are not ambiguous or in conflict with the meaning of the body of the petition. The pleading in the present case does not present a question of which "definition" controls, because we find no conflict between the definition of the petitioners stated in the caption and in the body of the petition. We interpret both the caption and the body as referring to the Board. Accordingly, this assignment of error is without merit.

### COMMISSION'S STATUTORY AUTHORITY

In its third and final assignment of error, the Commission argues the district court erred in finding that the Board did not possess the statutory authority to issue the April 6, 2000, order. Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Interest of S.B., ante* p. 175, 639 N.W.2d 78 (2002); *In re Guardianship & Conservatorship of Garcia,* 262 Neb. 205, 631 N.W.2d 464 (2001).

The Commission is a statutorily created tribunal established by the Legislature. As a statutorily created entity, the Commission has only such authority as has been conferred on it by statute. See *In re Interest of Jaden H., ante* p. 129, 638 N.W.2d 867 (2002).

Section 23-2510 authorizes the Commission to hear employee appeals from decisions where the employee is "discharged, suspended, or demoted in rank or compensation *by his department head* by a written order which shall specifically state the reasons therefor." (Emphasis supplied.) See, e.g., *Ashby v. Civil Serv. Comm.,* 241 Neb. 988, 492 N.W.2d 849 (1992) (appeal of order suspending employee). The nurses in the present case were attempting to appeal a decision of the Board, not an order issued by a department head.

Neb. Rev. Stat. § 23-2502(3) (Reissue 1997) defines a department head as "an officer holding an elected office, an officer

holding office by appointment of the Governor, the chief deputy of any office or the deputy if there is not more than one deputy, and such other persons holding positions as are declared to be department heads by the county board." The Commission does not argue in its brief that the Board is a department head pursuant to § 23-2502(3). Instead, the Commission contends that the Commission's authority over department heads impliedly extends to the Board because "the statutory scheme regarding County employees is not under the total domination of the County Board." Brief for appellant at 30.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913 (2002). The Legislature has authorized the Commission to hear only those appeals which meet the requirements of § 23-2510. Because the nurses' appeal was not taken from a decision rendered by a department head as specified by § 23-2510, we determine that the Commission lacked the statutory authority to hear the appeal. In light of this determination, there is no need to consider the district court's other findings regarding the validity of the April 6, 2000, order. See *Baker v. Fabian, Thielen & Thielen,* 254 Neb. 697, 578 N.W.2d 446 (1998).

## CONCLUSION

The decision of the district court vacating the Commission's order is affirmed.

AFFIRMED.